# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DRISCOLL OLMESARTAN QUALIFIED SETTLEMENT FUND,<br><br>Petitioner, | )<br>)<br>) Case No. 4:19-mc-00756-SRC<br>)<br>) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's Petition to Establish Qualified Settlement Fund [1]. The Court denies and dismisses Petitioner's Petition.

The Driscoll Firm, located in St. Louis, Missouri, has various clients that entered into and took part in a global settlement executed on August 1, 2017 in *In Re: Benicar (Olmesartan) Products Liability Litigation* currently pending in the United States District Court for the District of New Jersey (MDL No. 2606, Case No. 1:15-md-2606) ("MDL Litigation"). Plaintiffs in the MDL Litigation allege that personal injuries involving gastrointestinal injuries resulted from the use of an Olmesartan product. As part of the settlement, plaintiffs (including certain clients of The Driscoll Firm) executed releases completely extinguishing the MDL Litigation defendants with respect to the personal injury claims. The Driscoll Firm now moves this Court to enter an Order to: (1) establish a qualified settlement fund ("QSF") to aid in the administration of MDL settlement funds allocated to The Driscoll Firm's clients; and (2) appoint an administrator to control/govern the operation of the fund. Doc. 1.

This Court, on its own motion, raises the issue of jurisdiction under Article III of the United States Constitution. Article III limits federal courts' jurisdiction to "cases" and "controversies". A party seeking to invoke the federal court's jurisdiction bears the burden of demonstrating that it has standing. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To satisfy the constitutional requirements to establish standing, the petitioner must demonstrate: (1) that it has "suffered an injury in fact – an invasion of a legally protected interest which is (a)

1

concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury was caused by, or is "fairly...trace[able] to the challenged action of the defendant;" and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61 (citations omitted). If the petitioner fails to satisfy the constitutional requirements to establish standing, the Court lacks jurisdiction to hear the case and must dismiss the complaint. *See Valley Forge Christian Col. v. Americans United for Separation of Church and State*, 454 U.S. 464, 475-76 (1982).

The Court finds that the Petitioner did not demonstrate in its Petition, Doc. 1, or Memorandum in Support, Doc. 2, that there is an injury in fact still at issue. The U.S. District Court for the District of New Jersey handling the MDL Litigation had jurisdiction over the personal injury claims that generated the settlement funds. Petitioner presents no claims to this Court. Petitioner provides no evidence of any other injury suffered in fact. Petitioner itself concedes that QSFs "are not adjudicating any controversy, as QSFs are not innately controversial." Doc. 2, p. 2. As a result, the Court finds that Petitioner's Petition fails to satisfy the case or controversy standard of Article III of the United States Constitution and therefore this Court lacks jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DENIES** and **DISMISSES**, without prejudice, Petitioner's Petition to Establish Qualified Settlement Fund [1].

So Ordered this 22nd day of November, 2019.

                                                      */s/ SL R. CR*
                                                  **STEPHEN R. CLARK**
                                                  **UNITED STATES DISTRICT JUDGE**